UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DAVID KUPFER
on behalf of himself and
all other similarly situated consumers

                           Plaintiff,

     -against-


EXPERIAN INFORMATION SOLUTIONS, INC.

                          Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FCRA

### *Introduction*

1. Plaintiff David Kupfer seeks redress for the illegal practices of Experian Information Solutions, Inc. ("Experian") in violation of the Fair Credit Reporting Act (FCRA).

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a et. seq.

4. Upon information and belief, Defendant's principal place of business is located in Costa Mesa, California.

5. Defendant is a "Consumer Reporting Agency" (CRA) as defined by 15 U.S.C. 1681a(f) et. seq.

### *Jurisdiction and Venue*

6. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. All conditions precedent to the bringing of this action have been performed.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to David Kupfer*

9. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Experian, and has suffered particularized and concrete harm.

10. Plaintiff David Kupfer disputed, directly with Experian, a medical debt purportedly owed to Sequoia Financial Svcs account #711CDI070743****, that appeared on his credit report on or before August 6, 2018.

11. Thereafter, Experian notified the Plaintiff that it had initiated an investigation into the said dispute and subsequently provided the Plaintiff with its results. (see Exhibit A)

12. Experian's investigation did not resolve the dispute and Plaintiff subsequently filed a statement of dispute with Experian Information Solutions, Inc. on or about August 10, 2018. (see Exhibit B)

13. Section 1681i(c) of the FCRA provides: "Whenever a statement of a dispute is filed . . . the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."

14. Plaintiff obtained his consumer credit report from Experian Information Solutions, Inc. on or about November 30, 2018 and found that the Defendant had not included Plaintiff's statement of dispute in the credit report.

15. 15 U.S.C. § 1681i provides the procedure by which a consumer reporting agency ("CRA") must abide whenever a consumer disputes an item contained in his or her credit file.

16. Section 1681i(a) outlines the reinvestigation that the CRA must undertake after the consumer notifies the CRA of the dispute.

17. Section 1681i(b), in turn, permits the consumer to file a "statement of dispute" with the CRA in the event that the reinvestigation fails to resolve the dispute.

18. Finally, Section 1681i(c) requires any consumer report produced subsequent to the filing of the statement of dispute to clearly note the dispute "and provide either the consumer's statement or a clear and accurate codification or summary thereof."

19. Subsequent to Experian's receipt of the Plaintiff's statement of dispute, Experian issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement of dispute.

20. Experian intentionally failed to include the statement of dispute with later copies of the Plaintiff's consumer reports.

21. Plaintiff's August 10, 2018 "Statement of Dispute" letter, sent in response to Defendant's reinvestigation results constitutes a "statement of dispute" under 15 U.S.C. § 1681i(b).

22. The "Statement of Dispute" letter was sent after Plaintiff's request for a reinvestigation yielded no change in the status of the account on Plaintiff's credit report. This is precisely the process that § 1681i requires.

23. Plaintiff clearly provided sufficient detail in his "Statement of Dispute" letter to put the Defendant on notice as to the nature of the dispute.

24. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate,

relevant, and current information in a confidential and responsible manner." <u>Cortez v. Trans Union, LLC</u>, 617 F.3d 688, 706 (3d Cir. 2010).

25. Defendant violated § 1681i(c) of the FCRA, since Plaintiff disputed the accuracy of the above mentioned information in Plaintiff's credit file and then notified the Defendant of the said dispute.

26. The Defendant's subsequent reinvestigation of the item failed to resolve the dispute so the Plaintiff filed a statement of dispute with Experian and Experian failed to include the statement of dispute with later copies of the Plaintiff's consumer report.

27. Inaccurate information was included in the Plaintiff's credit report.

28. The inaccuracy was due to the Defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

29. The Plaintiff suffered injury.

30. The consumer's injury was caused by the inclusion of the inaccurate entry.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the Defendant herein.

32. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

33. Discovery of the violations brought forth herein occurred in the month of August, 2018 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## CLASS ACTION ALLEGATIONS

34. When a consumer notifies Experian that the consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file" Experian must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. § 1681i(a)(1)(A). As part of the investigation, Experian must "provide notification of the dispute to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer…." 15 U.S.C. § 1681i(a)(2)(A).

35. If a consumer disputes an account that appears on his or her credit, Experian must investigate to determine whether the account pertains to that consumer and should be part of that consumer's credit history. As part of the investigation, Experian must notify the source of the disputed account about the consumer's dispute and provide the source with all the relevant information provided by the consumer. Alternatively, Experian can delete the derogatory information.

36. Experian has long been aware of its obligations to properly investigate consumer disputes. It had the benefit of plain, unambiguous statutory language requiring a reasonable investigation of "the completeness or accuracy of **any item** of information contained in a consumer's file" that is disputed by that consumer. 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

37. The Eleventh Circuit Court of Appeals has held that a consumer reporting agency like Experian violates section 1681i(a)(1) if it fails to do a reasonable reinvestigation when a

consumer disputes "information contained in his file." Collins v. Experian Info. Sol's, Inc., 775, F.3d 1330, 1335 (11th Cir. 2015) ("[a] file is simply the information retained by the consumer reporting agency.").

38. Other courts of appeals have for many years also instructed CRAs to reinvestigate any item that it reports and that a consumer disputes, regardless of the context. See Cortez v. Trans Union, LLC, 617 F.3d 688, 711-13 (3d Cir. 2010) (OFAC terrorist alerts that CRA keeps off site with another company but placed on its credit reports are in the consumer file and must be reinvestigated); Morris v. Equifax Info. Serv's, LLC, 457 F.3d 460, 466-68 (5th Cir. 2006) (Equifax must reinvestigate store charge account that is on file kept by one of Equifax's affiliates but which can be sold by Equifax in its credit reports); Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986); Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982); Dennis v. BEH-1, LLC, 520 F.3d 1067 (9th Cir. 2008); Steed v. Equifax Info. Serv's, LLC, No. 1:14-cv-0437-SCJ, 2016 WL 7888039, at *4 (N.D. Ga. Aug. 31, 2016).

39. Experian's failure to investigate disputed account information is a result of its standard policies and practices adopted in reckless disregard of consumers' rights under the FCRA.

40. Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, based on Experian's failure to comply with 15 U.S.C. § 1681i(a)(1) and (2).

41. This cause of action is brought on behalf of Plaintiff and the members of a class.

42. The class consists of all persons whom Defendant's records reflect resided in the State of New York, who notified Experian of a dispute of an account appearing in their Experian credit files and to whom Experian sent a notice similar in form and content to the notice

       sent to Plaintiff in the attached Exhibit A, during the period beginning two years prior to the filing of this action and through the time of judgment.

43. The class is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to Experian, Experian has represented that it receives approximately 10,000 disputes a day, amounting to millions of disputes each year. Accordingly, Plaintiff estimates that each class has thousands of members.

44. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The principal questions are whether Experian violated the FCRA by failing to reinvestigate and contact the source of the disputed inquiry, or delete it; and whether the violations were willful.

45. Plaintiff's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theory: a dispute to Experian regarding a dispute, which Experian did not investigate or delete as required by 15 U.S.C. § 1681i(a)(1) and (2). Plaintiff received results of his disputes from Experian with standard form language. Plaintiff's claim is typical of the two-year class because he made his dispute within two years.

46. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter and have retained counsel experienced in handling class actions and claims under the FCRA. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue these claims.

47. This action should be maintained as a class action because questions of law and fact common to class members predominate over any questions affecting only individual class members, and because a class action is a superior method for the fair and efficient

adjudication of this controversy. Experian's conduct described in this Complaint stems from standard policies and practices, resulting in common violations of the FCRA. Class members do not have an interest in pursuing separate actions against Experian, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Experian's practices.  Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

48. This action should be maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of class members not parties to the adjudications or substantially impair or impede their ability to protect their rights.

## AS AND FOR A FIRST CAUSE OF ACTION
*Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681i et. seq.*
**Failure to Conduct Reasonable Investigation and Maintain Reasonable Accuracy**

49. At all times mentioned in this Complaint, Sequoia Financial Svcs was a Furnisher of information as referred to in 15 U.S.C. 1681s-2 of the FCRA.

50. At all times mentioned in this Complaint, Sequoia Financial Svcs was a federally registered trade mark representing the furnisher for a disputed account which is the subject of this action.

51. Prior to the commencement of this action, Plaintiff disputed certain information about a Sequoia Financial Svcs account on Plaintiff's Experian consumer credit report.

52. Defendant subsequently notified the Plaintiff that it would investigate the said dispute.

53. Experian's investigation did not resolve the dispute and Plaintiff subsequently filed a statement of dispute.

54. The disputed account appeared on Plaintiff's Experian consumer report and in his file maintained by Experian, yet did not include the said statement of dispute.

55. The United States Court of Appeals for the Fourth Circuit held, that the FCRA requires furnishers to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient, but potentially incomplete or inaccurate customer account information. See <u>Johnson v, MBNA America Bank</u>, No. 03123S (February 11, 2004).

56. Defendant's investigation process did not live up to the standards of <u>Johnson v, MBNA America Bank</u>, No. 03123S (February 11, 2004).

57. Defendant's investigation process did not live up to the standards of the Federal Trade Commission in the matter of <u>U.S. v. Performance Capital Mgmt.</u> (Bankr. C.D. Cal. Aug. 24, 2000).

58. Defendant violated the duty under 15 U.S.C. 1681i by verifying the above referenced account without obtaining any documentation in support of its contention that Defendant was legally responsible for the account.

## **LIABILITY AND DAMAGES**

59. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

60. At all times mentioned in this Complaint, various employees and/or agents of Defendant were acting as agents of Defendant and therefore Defendant is liable to for the acts committed by its agents and/or employees under the doctrine of respondent superior.

61. At all times mentioned in this Complaint, employees and/or agents of Defendant were acting jointly and in concert with Defendant, and Defendant is liable for the acts of such employees and/or agents under the theory of joint and several liability because Defendant and its agents or employees were engaged in a common business venture and were acting jointly and in concert.

62. Plaintiff believes and asserts that he is entitled to $1,000.00 in statutory damages, pursuant to 15 U.S.C. § 1681 et. seq.

63. Plaintiff believes and asserts that Defendant's actions were willful and intentional.

64. Because Defendant's acts and omissions were done willfully, Plaintiff requests punitive damages.

65. Plaintiff requests punitive damages against Defendant in the amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n et. seq. and other portions of § 1681 et. seq.

66. For purposes of a default judgment, Plaintiff believes that the amount of such punitive damages should be no less than $9,000.00.

67. Plaintiff is also entitled to attorney fees pursuant to 15 U.S.C. § 1681 et. seq.

68. Plaintiff is entitled to any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *(New York Fair Credit Reporting Act)*

69. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

70. Experian Information Solutions, Inc. failed to delete information found to be inaccurate, reinserted the information without following the NY FCRA, or failed to properly investigate Plaintiff's disputes.

71. Experian Information Solutions, Inc. failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of its investigation, its decision on the status of the information, and his rights pursuant to this section in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(a).

72. Experian Information Solutions, Inc. failed to clearly note in all subsequent consumer reports that the account in question is disputed by the consumer in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(c)(3).

73. As a result of the above violations of the N.Y. FCRA, Experian is liable to the Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    a) Statutory damages provided under the N.Y. FCRA;

    b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 5, 2019

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# EXHIBIT A

8/6/2018 Case 1:19-cv-04522-CBA-ST Document 1 Filed 08/06/19 Page 14 of 16 PageID #: 14 Experian - Filed 08/06/19 Report

DOVID B KUPFER | Report number | August 06, 2018 | Print | Close window

# How to read your results

**Deleted**
This item was removed from your credit report.

**Remains**
The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

**Processed**
This item was either updated or deleted. Please review your report for the details.

**Updated (Your results will indicate which one of the following applies.)**

- The information you disputed has been updated. Please review your report for the details.
- The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.
- The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report for the details.
- Information on this item has been updated. Please review your report for the details.

# Print your report

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access. To return to your report in the future, log on to experian.com/help and select "Credit Access" or "Disputes" and then follow the steps.

To dispute information, first select the item from the list below, click the Dispute button and then the dispute reason that most closely explains the reason you feel the item is inaccurate, or select "Other" and type in your own explanation. You can also enter any additional information to further explain your dispute by using the free form text box and/or send us any documents you may have that support your claim at experian.com/upload. Your requests, including both disputes and any statements you may elect to add to your credit report to explain information, will be stored in a virtual cart as you continue your session. When finished selecting your disputes or other requests, you will need to access the dispute cart, where you will be given a chance to review all of your requests before they are submitted. Depending on the nature of your requests, you may be prompted for alternative actions, such as selecting a different dispute reason for a particular dispute. You may cancel or edit your requests at any time up until the time they are submitted. Once your requests are successfully submitted, you will receive a green confirmation message for each item.

**1 855 246 9409**
Contact us by phone - Monday through Friday, 8 a.m. to 10 p.m Central Time and Saturday and Sunday, 10 a.m. to 7 p.m. Central Time.

**Address**
Experian
P.O. Box 9701 Allen, TX 75013

Any pending disputes will be highlighted below.

## Here are your dispute results 08/06/2018

### Credit Items and Public Records

| Creditor / Vendor | Account number | Status | |
|---|---|---|---|
| SEQUOIA FINANCIAL SVCS | 711CDI010143 | Remains | The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details. |

*If our reinvestigation has not resolved your dispute*
**view your options**

## Your Report

### Personal Information

Name(s) associated with your credit

| Name | Name identification number |
|---|---|
| DOVID B KUPFER | |
| DOVID KUPFER | |
| DOVID BINYOMIN KUPFER | |

# EXHIBIT B

Dovid B. Kupfer
Social Security No.: [redacted]
DOB: [redacted]

Re: Sequoia Financial Svcs. account no. 711CDIO10143[redacted]

**Statement of Dispute:**

Sequoia Financial Svcs. account no. 711CDIO10143[redacted] is not my account. I never had any contractual relationship with them.